**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ernest Ray Bailey, Appellant.

Appellate Case No. 2017-001290

---

Appeal From Colleton County
Perry M. Buckner, III, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-183
Submitted April 1, 2019 – Filed May 29, 2019

---

**AFFIRMED**

---

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Phillips*, 416 S.C. 184, 192, 785 S.E.2d 448, 452 (2016) ("In reviewing a motion for directed verdict, the trial court is concerned with the

existence of evidence, not with its weight."); *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("A defendant is entitled to a directed verdict when the [S]tate fails to produce evidence of the offense charged."); *id.* ("When reviewing a denial of a directed verdict, [an appellate court] views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [appellate court] must find the case was properly submitted to the jury."); S.C. Code Ann. § 63-5-70(A)(1) (2010) ("It is unlawful for a person who has charge or custody of a child, or who is the parent or guardian of a child, or who is responsible for the welfare of a child as defined in section 63-7-20 to: place the child at unreasonable risk of harm affecting the child's life, physical or mental health, or safety."); S.C. Code Ann. § 63-7-20(18) (Supp. 2018) ("'Person responsible for a child's welfare' includes . . . an adult who has assumed the role or responsibility of a parent or guardian for the child, but who does not necessarily have legal custody of the child.  A person whose only role is as a caregiver and whose contact is only incidental with a child, such as a babysitter or a person who has only incidental contact but may not be a caretaker, has not assumed the role or responsibility of a parent or guardian."); *State v. Williams*, 405 S.C. 263, 279-80, 747 S.E.2d 194, 203 (Ct. App. 2013) (holding "[defendant's] involvement in Victim's life was some evidence that he ha[d] assumed the role of a parent"); *State v. Palmer*, 413 S.C. 410, 421, 776 S.E.2d 558, 564 (2015) (holding that giving a victim medically unnecessary medication at a dosage three to five times the recommended amount was "some evidence [the defendant] placed the victim at an unreasonable risk of harm").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.